CHRISTIAN, J.,
I concur in the results of the opinion just delivered by the President of "the court. But I do not concur in some of the views expressed by him or in some of the reasons which lead him to the conclusions he has reached. I will, therefore, very briefly state the grounds upon which, in my opinion, the question before us should be determined. They are purely legal questions arising out of the true construction to *be given to two clauses of the constitution, which two clauses are in these words. Art. VI, § 22, reads as follows: “All the judges shall be commissioned by the governor, and shall receive such salaries and allowances as may be determined by law, the amount of which shall not be diminished during their term of office. Their terms of office shall commence on the first day of January next following their appointment, and they shall discharge the duties of their respective offices from their first appointment and qualification under this constitution until their terms begin.”
Section 25 of this Art. reads as follows: “Judges and all other officers elected or appointed shall continue to discharge the duties of their offices after their terms of service have expired, until their successors have qualified.”
The only remaining provision of the constitution necessary in my opinion to be noticed is the 13th section of the same article, which limits the term of office of the county judges (except the first term) to the .period of six years.
The Hon. Edward C. Minor commenced his second term of office as county judge of the county of Henrico on the first day of January, 1874, which expired on the first day of Tanuary, 1880. By the express terms of the constitution his term ended on that day. But under the provision of the 25th section, although his term of service had expired, he was authorized to hold over until (and only until) his successor had qualified.
But it appears from the admitted facts that "n the 12th of January. 1880, Edmund Wad-dill, Jr., was elected by the legislature as *265 judge of said county, and received his commission from the governor and duly qualified under the same before the expiration of thirty days, as required by the statute. So that it is plain that under the 25th section, Minor, whose term of office was limited by the constitution to the 1st day of January. 1880, could only hold over until his successor had qualified. Now it is true*that the 22d section prescribes “that the term of office of judges shall commence on the 1st day of January next following their appointment,” and if this was all of the 22d section it would be plain that Waddill could not enter upon the duties of the office until the 1st day of January, 1881. But immediately following this provision are these words, “and they shall discharge the duties of their respective offices from their first appointment and qualification under this constitution until their terms begin.”
We cannot ignore these words, nor detach them from their connection in this section. Upon the most familiar rules of construction, we must give to each clause of the instrument to be interpreted (upon the subject under investigation) its full meaning and effect in order to carry out the intention of the framers of the instrument.
It has been argued, and with much force, that this clause applied solely to the judges first elected under this constitution. But I think this is too narrow a view of the question. If that had been the design, it would more properly be affixed to the schedule, and not have had a permanent place in the constitution.
Of course all constitutional provisions -must be regarded as permanent in their character upon general principles. And I think it cannot be maintained, either from the grammatical construction of the language or the plain meaning of the words in the connection in which they are used, that it was the intention to limit this provision so as to apply it alone to the judges first elected after the adoption of the constitution.
I think, on the contrary, it was designed to meet contingencies which might arise, and of which this case is a striking illustration.
It might often happen that from some unforeseen cause or accident, the legislature could not, from mere physical impossibility, elect all the county judges before the first day of January, there being about eighty in all. And *this manifest difficulty would often arise, that while their terms of office all expired on the 1st day of January, each one would hold over one year longer than the term fixed by the constitution.
I think it is plain that Judge Minor could only hold until his successor qualified, and not until the regular term of office of such successor commenced, which was postponed by the accidental circumstance that he was elected after the 1st day of January, instead of before that day.
Waddill was certainly Minor’s successor; for he had been appointed by the legislature, which was by the constitution invested with the power of appointment. He has received his commission under this appointment, and has duly qualified; and by the express terms of the 25th section, Minor could only hold until his successor was qualified, and not afterwards. And Waddill, under the last clause of the 22d section, must discharge the duties of the office until his term begins, and then enter upon it for the period of six years from the 1st day of January, 1881.
ANDERSON, J., concurred in the opinion of Moncure, P.
Judgment in favor of Walsh and against Broadus.